IN THE INTEREST OF G.H. and
IN THE INTEREST OF E.T,
Nos. 29187, 29188
Intermediate Court of Appeals of Hawaii.
May 22, 2009.
On the briefs:
Tae W. Kim, for Mother-Appellant.
Patrick A. Pascual and Mary Anne Magnier, Deputy Attorneys General, for Petitioner-Appellee Department of Human Services.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA and LEONARD, JJ.
In this consolidated appeal, Mother-Appellant (Mother) appeals from the Orders Awarding Permanent Custody filed on May 5, 2008 and the Findings of Fact and Conclusions of Law filed on June 4, 2008 in the Family Court of the First Circuit (family court)[1] in FC-S 06-11122, In re G.H. (appeal No. 29187) and FC-S 07-11476, In re E.T. (appeal No. 29188).
On appeal, Mother contends (1) the family court abused its discretion by denying Mother's request to continue the permanent custody trial and by awarding the Department of Human Services (DHS) permanent custody of G.H. and E.T. (collectively, children), (2) DHS failed to exert reasonable efforts to reunify the children with Mother, (3) there was no clear and convincing evidence that Mother was unable and unwilling to provide a safe family home with the assistance of a service plan, and (4) the family court improperly granted permanent custody on the sole basis of the passage of time in the instant cases. Mother challenges Findings of Facts (FOFs) 1, 35, 55, 56, 57, 67, 68, 71, 92 through 101, 106, 108 through 112, 116 through 119, 121 through 124, 128 through 141, 144, 145, 146, 148, 149, 150, 152 through 156, 160, 161, 162, 165, 166, 167, 170, 171, and 174 through 180 and Conclusions of Law (COLs) 15, 16, 17, 18, and 20.[2]
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's points of error as follows:
(1) Mother's claim that the family court abused its discretion by denying her motion to continue the permanent custody trial in both cases is without merit. During a hearing on March 31, 2008, Mother's proffered reason for the continuance was that she had a motion for reconsideration in a criminal matter pending before the circuit court. On appeal, Mother contends that at trial on May 2, 2008, she testified that she would know in two weeks "exactly how much time she needs to serve before being eligible for parole, when she appears before the parole board." Mother's argument on March 31, 2008 related to her motion for reconsideration by the circuit court, while her statement on May 2, 2008 related to early parole by the parole board. Mother's argument below is not the same as her argument on appeal. Therefore, this point of error is waived. Hawai`i Rules of Appellate Procedure Rule 28(b)(4).
(2) Mother's claim that DHS failed to exert reasonable efforts to reunify her with her children is without merit. Mother claims that DHS never made a real attempt to provide her with services because she was incarcerated. DHS was not required to provide services beyond what is available within the corrections system. In re Doe, 100 Hawai`i 335, 345, 60 P.3d 285, 295 (2002). Regardless, Mother alleges that she completed services without the assistance of DHS. Moreover, Mother's complaint that she lacked services because she was incarcerated is specious given that she chose to serve out her time rather than participate in drug treatment. Mother cannot complain about the lack of services while she was incarcerated when she had an opportunity to be released and receive services, but instead chose to remain incarcerated.
(3) Mother's claim that there was not clear and convincing evidence she was unable to provide a safe home with the assistance of a service plan is without merit. Since G.H. was first taken into custody on November 2, 2006, Mother was required to participate in drug treatment. At the time of trial on May 2, 2008, eighteen months later, Mother had just begun drug treatment while in prison. Mother's drug treatment would take nine to eighteen months to complete. Mother used drugs while she was pregnant with E.T. and admitted that she would not test clean even though she was ordered to comply with a service plan that prohibited her from testing positive for drugs in order to be reunited with G.H. Thus, Mother could not show that she could provide a safe home within a reasonable period of time, not to exceed two years from the date upon which G.H. was first placed under foster custody by the court. Hawaii Revised Statutes § 587-73(a)(2) (2006 Repl.). G.H.'s past history and current psychological issues are irrelevant because Mother could still not demonstrate that she could provide a safe home with the assistance of a service plan in a reasonable amount of time. In addition, with respect to E.T., Mother failed to participate in court-ordered services and used drugs during the time she was not incarcerated. The two-year time limit is the maximum a parent is allowed within which to demonstrate that the parent can provide a safe home, not the minimum. Thus, Mother's argument that she was not provided a reasonable amount of time to complete the service plan is without merit.
(4) Mother's claim that her parental rights were terminated solely based on the passage of time is without merit. As explained above, Mother's parental rights were terminated based on her noncompliance with the service plan for her failure to participate in drug treatment. In addition, Mother used drugs while she was pregnant with E.T and admitted that she would not test clean at the time she was ordered to comply with the service plan that prohibited testing positive for drugs. Mother's failure to participate in drug treatment and continued use of drugs while the service plan was in effect justified the family court's termination of her parental rights. Thus, the termination of Mother's parental rights was not based solely on the passage of time.
Therefore,
IT IS HEREBY ORDERED that the Orders Awarding Permanent Custody filed on May 5, 2008 and the Findings of Fact and Conclusions of Law filed on June 4, 2008 in the Family Court of the First Circuit in FC-S 06-11122, In re G.H. (appeal No. 29187) and FC-S 07-11476, In re E.T. (appeal No. 29188) are affirmed.
NOTES
[1] The Honorable Linda K.C. Luke presided.
[2] The only FOF that Mother raises in the argument section of her opening brief is FOF 35, which provides: "35. At the July 31, 2007 hearing in FC-S No. 06-11122, Mother stated, under oath, that [E.T.'s] biological fathers may be . . . ." The FOF should have read "[G.H.'s] biological fathers." Although the family court erred, the error was harmless.

Although Mother raises other specific FOFs and COLs in her points of error, Mother fails to argue the specific FOFs and COLs in her opening brief. Therefore, pursuant to Hawai`i Rules of Appellate Procedure Rule 28(b)(7), "[p]oints not argued may be deemed waived."'